NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EVELYN DAVIS ALFRED,

Plaintiff - Appellee,

v.

CITY OF VALLEJO,

Defendant - Appellant.

No. 25-1658

D.C. No.
2:24-cv-03317-DC-SCR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dena M. Coggins, District Judge, Presiding

Submitted October 10, 2025[**]
San Francisco, California

Before: S.R. THOMAS, NGUYEN, and BRESS, Circuit Judges.

The City of Vallejo ("City") appeals from the district court's order granting

Plaintiff-Appellee Evelyn Davis Alfred's motion for a preliminary injunction in

her action alleging a Fourteenth Amendment state-created danger claim under 42

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we dismiss the appeal as moot.

On September 22, 2025, Alfred filed a notice of voluntary dismissal with the district court pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Rule 41(a)(1) enables a plaintiff to dismiss an action without court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i); *see Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."). The City has not filed an answer or motion for summary judgment, and therefore Alfred's notice effectively dismissed the action and the appeal is moot.

This appeal is also moot because there is no longer a live controversy as to which effective relief can be granted. *See, e.g.*, *Planned Parenthood of Greater Wash. & No. Idaho v. U.S. Dep't of Health & Hum. Sers.*, 946 F3d 1100, 1109 (9th Cir. 2020) ("If something happens during litigation that makes relief impossible, the case is moot." (citations omitted)). The City seeks to undo the district court's preliminary injunction which prevented it from clearing Alfred's encampment at 710 Mare Island Way. But Alfred is currently housed and her former shelter at

710 Mare Island has been destroyed by fire. Accordingly, the preliminary injunction no longer has any coercive force because the encampment at issue no longer exists.

The City opposes dismissal of the appeal, invoking the "capable of repetition, yet evading review" exception to mootness. That exception applies when "(1) the duration of the challenged action or injury [is] too short to be fully litigated; and (2) there [is] a reasonable likelihood that the same party will be subject to the action again." *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 857 (9th Cir. 2022) (quotation marks and citation omitted). We need not address the first factor because the second factor is not met.

"We have held that a reasonable expectation [or likelihood] requires more than a mere possibility that something *might* happen [because this] is too remote to keep alive a case as an active controversy." *Ahlman v. Barnes*, 20 F.4th 489, 494 (9th Cir. 2021) (quotation marks and citation omitted). Given the circumstances of Alfred's present housing, the destruction of the encampment at 710 Mare Island, and the nature of the City's past dealings with Alfred regarding her relocation, a recurrence of the facts leading to the district court's preliminary injunction is speculative on this record. *See Mayfield v. Dalton*, 109 F.3d 1423, 1425 (9th Cir. 1997).

The City's reliance on *Cooper v. Newsom* is misplaced. 13 F.4th 857 (9th

Cir. 2021). In *Cooper*, the parties entered a stipulated voluntary dismissal which permitted the court to retain jurisdiction. *Id.* at 863. Accordingly, we held that the dismissal order effectively functioned as a stay. *Id.* at 864. Here, the underlying action is dismissed, the district court no longer has jurisdiction, and there is nothing left to resolve.

Further, the City's contention that it will continue to clear encampments and face suit from other plaintiffs does not change our conclusion. While facial challenges to an ongoing policy may be kept alive even when the specific individuals who first challenged that policy are no longer adversely affected by it, *see Or. Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1118 (9th Cir. 2003), that is not the case here. Alfred challenged the constitutionality of the application of a City policy to her situation, not the policy itself.

**DISMISSED.**